

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00140-CV

---

EZ AUTOMOTIVE AND TOWING SVC LLC, APPELLANT

V.

RECAMAN AUTO GROUP, APPELLEE

---

On Appeal from the County Court at Law No. 2
Denton County, Texas
Trial Court No. CV2024-03300, Honorable Robert Ramirez, Presiding

---

April 22, 2026

## MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, EZ Automotive and Towing SVC LLC, appeals from the trial court's *Summary Judgment.*[1]  Because there is no final, appealable judgment, we dismiss the appeal the appeal for want of jurisdiction.

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE § 73.001.

Appellee, Recaman Auto Group, filed suit against EZ Automotive, seeking a declaratory judgment regarding ownership of a Chevrolet Silverado and requesting attorney's fees pursuant to the Uniform Declaratory Judgment Act. *See* TEX. CIV. PRAC. & REM. § 37.009. Recaman later moved for summary judgment on its declaratory claim but expressly reserved its request for attorney's fees for later determination. The trial court granted summary judgment in Recaman's favor, but it did not dispose of its claim for attorney's fees.

Appellate courts have jurisdiction to hear appeals from final judgments or from interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205–06.

Here, the *Summary Judgment* order contains no finality language and does not dispose of all claims. When a party requests a mandatory or discretionary award of attorney's fees, the trial court must expressly dispose of the fee request to render a final judgment. *See Sealy Emerg. Room, L.L.C. v. Free Standing Emerg. Room Managers*, 685 S.W.3d 816, 825 (Tex. 2024). Because the trial court did not dispose of Recaman's fee request, the summary judgment is not final. *See id*. Further, no statute authorizes an appeal from this interlocutory order.

By letter of March 27, 2026, we informed EZ Automotive of the apparent jurisdictional defect and directed it to show grounds for continuing the appeal by April 6, 2026, or risk dismissal of the appeal. EZ Automotive has not responded to our letter.

Accordingly, we conclude that no final judgment or appealable order is before us and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam